IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL NELSON, | No. 4:22-CV-00686 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| C. HAUSER, *et al.*, | |
| Defendants. | |

MEMORANDUM OPINION

OCTOBER 27, 2022

Plaintiff Michael Nelson, an inmate confined at the State Correctional Institution Mahanoy (SCI Mahanoy), in Frackville, Pennsylvania, filed the instant *pro se* action under 42 U.S.C. § 1983. He then filed numerous motions seeking assorted forms of preliminary injunctive relief. Because Nelson has failed to comply with the Local Rules of Court and cannot make the difficult showing required to establish a right to a preliminary injunction, the Court will deny his various motions.

I.  **BACKGROUND**

Nelson filed the instant Section 1983 lawsuit asserting Eighth Amendment claims of deliberate indifference to serious medical needs.[1] He sued six prison medical providers: Correctional Health Care Administrator C. Hauser, Nurse

---

[1] *See generally* Doc. 1.

Yarisa Polanco, Nurse Marissa Redick, Nurse Angela Landmesser, Nurse Amy Silinskie, and Nurse Victor Lwekamaw.[2] Nelson alleges that these medical providers "intentionally failed to dispense [his] Mental Health medication" from September 16 to September 21, 2021, thereby violating his Eighth Amendment rights.[3]

Several weeks after lodging his complaint, Nelson began filing a spate of motions seeking various types of preliminary injunctive relief. Nelson seeks the following equitable relief:

- Immediate placement in the diversionary treatment unit of H-block at SCI Mahanoy, in single-cell status with free cable, a specific menu with "double portion[s]," the Unit Manager to come to H-block three times a week to personally make copies for Nelson, and to be placed in administrative custody status with three telephone calls[4];

- A court order requiring SCI Mahanoy to "restart/reorder [his] 'No Soy Products' tray"[5];

- A court order requiring SCI Mahanoy officials to give Nelson two hours in the law library each week until the instant case is fully resolved, and that "Correctional Officer D. Steward (COT) is ordered to sit with him in the law library and document everything that takes place[] between [Nelson] and other Correctional Officers"[6];

- Immediate discovery and reimbursement from SCI Mahanoy for losing his medical records[7];

---

[2] *Id.* at 4-5, 10-11.
[3] *Id.* at 6, 7, 12-17.
[4] Doc. 15.
[5] Doc. 16.
[6] Doc. 24.
[7] Doc. 33.

- That Lieutenant E. Trometter "is immediately suspended without pay" for being responsible for Nelson's exclusion from the law library and for interference with Nelson's court filings, as well as having the Court interview "Col. Burns . . . under oath" regarding Trometter's actions.[8]

## II.   DISCUSSION

Nelson's motions for preliminary injunctive relief will be denied for two reasons.  First, Nelson has failed to comply with the Local Rules of Court for his various motions.  Second, he cannot make the difficult showing of entitlement to a preliminary injunction.

### A.   Nelson's Filings Do Not Comply with Local Rules

Nelson has filed at least five motions seeking assorted types of injunctive relief but has failed to support those motions with proper briefs.  Local Rule of Court 7.5 requires that "[w]ithin fourteen (14) days after the filing of any motion, the party filing the motion shall file a brief in support of the motion.  If the motion seeks a protective order, a supporting brief shall be filed *with the motion*.  If a supporting brief is not filed within the time provided in this rule the motion shall be deemed to be withdrawn."[9]  Local Rule 7.8 subsequently provides that supporting briefs "shall contain complete citations of all authorities relied upon" and that "[t]he brief of the moving party shall contain a procedural history of the case, a statement of facts, a statement of questions involved, and argument."[10]

---

[8]   Doc. 40.
[9]   LOCAL RULE OF COURT 7.5 (emphasis supplied).
[10]  LOCAL RULE OF COURT 7.8.

None of Nelson's filings comply with these rules. Nelson's initial motion for a "modified TRO"[11] was filed without a supporting brief. When the Court denied Nelson's request to waive the briefing requirement for his motions,[12] Nelson filed documents labeled as supporting briefs but which fail to comport with Local Rule 7.8.[13] These documents primarily contain allegations by Nelson and most of them are bereft of applicable case law or other legal support.[14] Notably, none of the documents address whether Nelson can satisfy the stringent requirements for obtaining preliminary injunctive relief.[15] The Court is aware that *pro se* filers are held to a lesser standard than counseled parties, but even *pro se* litigants must comply with the Local Rules and must support their arguments with legal authority.

Thus, as Nelson's motions fail to comply with Local Rule of Court 7.5, they are deemed withdrawn.[16] Nevertheless, the Court will address the merits of Nelson's motions to avoid wasting judicial time and resources.

B. **Nelson's Motions Fail on the Merits**

Preliminary injunctive relief is an "extraordinary remedy never awarded as of right."[17] The purpose of a temporary restraining order or preliminary injunction

---

[11] Doc. 15.
[12] *See* Doc. 18.
[13] *See* Docs. 27, 34, 41, 77.
[14] *See id.*
[15] *See id.*
[16] *See* LOCAL RULE OF COURT 7.5.
[17] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted).

is to "maintain the status quo, defined as the last, peaceable, noncontested status of the parties," pending further proceedings in the case.[18] Whether a temporary restraining order or preliminary injunction should issue is governed by a well-settled, four-factor test.[19] The Court must first consider the two "most critical" factors: likelihood of success on the merits and likelihood of irreparable harm absent the injunctive relief.[20] If these two "gateway" factors are satisfied, the Court must then weigh the balance of the equities and the public interest.[21] Notably, as the gateway factors suggest, "there must be a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."[22] Finally, in the prison context, an inmate's "request for injunctive relief must 'be viewed with great caution' because of the 'intractable problems of prison administration.'"[23]

Nelson has not made a threshold showing of a likelihood of success on the merits. This is primarily because Nelson's claims for injunctive relief are completely untethered to his federal lawsuit. In the instant case, Nelson is suing various SCI Mahanoy medical providers for alleged Eighth Amendment medical

---

[18] *Arrowpoint Cap. Corp. v. Arrowpoint Asset Mgmt., LLC*, 793 F.3d 313, 318 (3d Cir. 2015) (quoting *Opticians Ass'n of Am. v. Indep. Opticians of Am.*, 920 F.2d 187, 197 (3d Cir. 1990)).
[19] *See Reilly v. City of Harrisburg*, 858 F.3d 173, 176, 179 (3d Cir. 2017).
[20] *See id.* at 179.
[21] *Id.* at 176, 179.
[22] *Ball v. Famiglio*, 396 F. App'x 836, 837-38 (3d Cir. 2010) (nonprecedential) (quoting *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010)).
[23] *Milhouse v. Fasciana*, 721 F. App'x 109, 111 (3d Cir. 2018) (nonprecedential) (quoting *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

indifference during six days in September 2021.[24]  None of his claims for preliminary injunctive relief are related to this purportedly deficient medical care or the defendants named in his lawsuit.  Nor has Nelson produced evidence (beyond his own allegations) showing an objectively serious medical need and subjective deliberate indifference by prison officials to that need.[25]  Again, this is largely because Nelson's motions for injunctive relief concern peripheral issues that are not related to his medical care.

 Nelson has likewise failed to carry his burden to show that he will be irreparably harmed if injunctive relief is denied.  Nelson's complaint concerns a specific six-day period from over a year ago.  He does not allege in his pleadings that he is still being denied adequate medical care or that Defendants are continuing to violate his constitutional rights with respect to his medical treatment.  Thus, it appears that Nelson's claims—if successful—are the type that could be remedied through money damages.[26]  Indeed, in the "Relief" section of his complaint, Nelson requests "$4,000,000.00" as the only relief sought.[27]  Consequently, Nelson has not made the threshold showing for the two "most critical" factors for injunctive relief, and this Court's analysis is at an end.[28]

---

[24]  *See* Doc. 1 at 6.
[25]  *See Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003).
[26]  *See Reilly*, 858 F.3d at 179 n.4 (explaining that availability of money damages to remedy injury alleged "typically will preclude a finding of irreparable harm") (citation omitted).
[27]  Doc. 1 at 7.
[28]  *Id.* at 179.

## III. CONCLUSION

Nelson has failed to comply with the Local Rules, his claims for equitable relief are unrelated to the claims in his Section 1983 lawsuit, and he has not established a likelihood of success on the merits or irreparable harm. The Court will therefore deny Nelson's various motions for preliminary injunctive relief. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge