IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL NELSON, | No. 4:22-CV-00686 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| C. HAUSER, *et al.*, | |
| Defendants. | |

**MEMORANDUM OPINION**

FEBRUARY 10, 2023

Plaintiff Michael Nelson, an inmate confined at the State Correctional Institution Mahanoy (SCI Mahanoy), in Frackville, Pennsylvania, filed the instant *pro se* action under 42 U.S.C. § 1983.[1] He claims that various SCI Mahanoy medical providers violated his Eighth Amendment rights with regard to his medical care. He also asserts state-law tort claims. Presently pending are Defendants' motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). The Court will grant in part and deny in part Defendants' motions.

**I.    BACKGROUND**

Nelson's complaint is concise and uncomplicated. He states that he suffers from a "serious mental illness" and that, during the time at issue, he was housed in

---

[1] 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

the Diversionary Treatment Unit at SCI Mahanoy.[2] Nelson alleges that, during one week in September 2021, various nurses at SCI Mahanoy failed to give him his afternoon Geoden, which was prescribed to treat depression.[3] Specifically, Nelson claims that Nurse Yarisa Polanco, Nurse Marissa Redick, Nurse Angela Landmesser, Nurse Amy Silinskie, and Nurse Victor Lwekamaw failed to dispense his afternoon Geoden, respectively, on September 15 through September 21, 2021 (with the exception of September 17).[4] Nelson further contends that defendant C. Hauser, the Corrections Health Care Administrator, was informed about the nursing staff's shortcomings and failed to take corrective action.[5]

Nelson first alleges that on September 15, Polanco told him that she forgot his medication and would return with it but that, after repeated calls to the medical department from other prison staff, Polanco never returned with his Geoden.[6] Nelson next asserts that on September 16, Redick likewise failed to bring his prescribed Geoden but told him she would return with it.[7] Nelson avers that two different correctional officers attempted to contact Redick multiple times but that Redick never returned with his medication and in fact told the officers "she was not coming back."[8] On September 18, Nelson claims that Landmesser failed to

---

[2] *See* Doc. 1 at 6; *id.* at 12 ¶ 13.
[3] *Id.* at 12-17 ¶¶ 13-18.
[4] *See id.*
[5] *Id.* at 17 ¶ 18; *id.* at 18.
[6] *Id.* at 12 ¶ 13.
[7] *Id.* at 13 ¶ 14.
[8] *Id.*

dispense his Geoden and did not return after being "called a number of times and reminded" to bring his medication back.[9] Nelson similarly claims that on September 19, Silinskie did not bring his Geoden and told him that she was not going to return with it.[10] Finally, Nelson alleges that, on September 20 and 21, Lwekamaw also failed to dispense his Geoden.[11]

Nelson further claims that, by this point, he had notified several prison psychologists that he was planning to commit suicide due to having been off his medication for six of the previous seven days.[12] He additionally claims that the same psychologists "personally notified" him that they had emailed Hauser "every day" to inform her that nursing staff were not dispensing Nelson's prescribed medication, but that Hauser took no corrective action.[13]

Nelson alleges that Defendants' actions resulted in mental and emotional distress.[14] He asserts Section 1983 claims of deliberate indifference to serious medical needs in violation of the Eighth Amendment.[15] He also appears to assert state-law negligence and medical malpractice claims against all Defendants.[16]

---

[9]  *Id.* at 14 ¶ 15.
[10] *Id.* at 15 ¶ 16.
[11] *Id.* at 16 ¶ 17.
[12] *Id.*
[13] *Id.* at 17 ¶ 18; *id.* at 18.
[14] *Id.* at 6, 7, 17.
[15] *See id.* at 7.
[16] *See id.* at 1, 9. Nelson additionally lists other "injuries" including "gross negligence . . . rackless [sic] endangerment . . . willful blindness, [and] failure to act." *Id.* at 7; *id.* at 17. To the extent that these phrases are attempts at stating additional legal claims, rather than injuries, Nelson does not develop any of them or connect them to his allegations. Additionally, some

Nelson seeks $4,000,000.00 in monetary damages on one page of his complaint, then $5,000,000.00 on another page.[17] He also cursorily states that he is seeking "punitive, injunctive[,] and decla[ra]tory relief" but does not develop most of these forms of relief at all.[18] Defendants move to dismiss his complaint under Federal Rule of Civil Procedure 12(b)(6).[19] Defendants' motions are fully briefed and ripe for disposition.

## II.  STANDARD OF REVIEW

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[20] The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[21] In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as

---

of these claims, (for example, "willful blindness"), are simply not cognizable torts. Accordingly, the Court will cabin its discussion to Nelson's Section 1983 claims and state-law negligence and medical malpractice claims.

[17] *Id.* at 7, 11.
[18] *Id.* at 9.
[19] *See generally* Docs. 42, 82, 87.
[20] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).
[21] *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[22]

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[23]  At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim."[24]  Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[25]  Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[26]  Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[27]

Because Nelson proceeds *pro se*, his pleadings are to be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"[28]  This is particularly true when the *pro se* litigant, like Nelson, is incarcerated.[29]

---

[22] *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).
[23] *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).
[24] *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).
[25] *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[26] *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[27] *Iqbal*, 556 U.S. at 681.
[28] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).
[29] *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).

## III.   DISCUSSION

All Defendants seek dismissal of Nelson's complaint, contending that he fails to state an Eighth Amendment claim against them.  No Defendant mentions Nelson's state-law negligence or medical malpractice claims.  The Court will assess the sufficiency of these claims in turn, as well as the various types of relief sought by Nelson.[30]

### A.   Deliberate Indifference to Serious Medical Needs

In the context of prison medical care, the Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated."[31]  To state an Eighth Amendment deliberate indifference claim regarding inadequate medical care, a plaintiff must plausibly plead "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need."[32]  A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention."[33]

Deliberate indifference by prison officials may be evidenced by intentional refusal to provide care known to be medically necessary, delayed provision of

---

[30] *See* 28 U.S.C. § 1915(e)(2)(B)(ii) (requiring court to dismiss an action "at any time" if the court determines that it "fails to state a claim on which relief may be granted").
[31] *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).
[32] *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003).
[33] *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987).

medical treatment for non-medical reasons, denial of prescribed medical treatment, or denial of reasonable requests for treatment resulting in suffering or risk of injury.[34] Deliberate indifference to serious medical needs is an exacting standard, requiring a showing of "unnecessary and wanton infliction of pain."[35] Claims sounding in mere medical negligence will not suffice.[36]

Viewed through the lens of this standard, most of Nelson's Section 1983 claims survive Defendants' sufficiency challenge. As to Hauser, Polanco, Redick, Landmesser, and Silinksie, Nelson's allegations plausibly plead intentional denial of prescribed medical treatment or deliberate indifference thereto. Nelson avers that Polanco and Landmesser not only failed to dispense his Geoden, but also were contacted by other prison staff multiple times to return and give Nelson his medication but they did not. According to Nelson, Redick and Silinskie went a step further and affirmatively told prison staff that they would not return to the Diversionary Treatment Unit to give Nelson his medication. Finally, Nelson alleges that Hauser was informed by email multiple times that nursing staff were not dispensing Nelson's Geoden, but that Hauser did not take any action to correct the issue.

---

[34] *See Durmer v. O'Carroll*, 991 F.2d 64, 68 & n.11 (3d Cir. 1993) (quoting *Lanzaro*, 834 F.2d at 346).
[35] *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citation omitted).
[36] *Rouse*, 182 F.3d at 197.

Nelson's allegations as to Lwekamaw, on the other hand, do not evince deliberate indifference. Nelson claims only that Lwekamaw failed to dispense Geoden on two occasions. This type of lapse, without more, does not implicate deliberate indifference or "unnecessary or wanton infliction of pain." Thus, the Section 1983 claim against Lwekamaw will be dismissed.

Several Defendants point to additional evidence to support their motion to dismiss,[37] but the Court cannot consider these documents at the Rule 12(b)(6) stage. Rather, the Court is constrained to the allegations in the complaint and its attached exhibits, "matters of public record, [and] undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[38] Of the numerous documents Defendants include as exhibits to their motion to dismiss, Nelson only attached to his complaint the final denial from the Secretary's Office of Inmate Grievances & Appeals (SOIGA).[39]

---

[37] *See* Doc. 79 at 7-9, 20-49.
[38] *Mayer*, 605 F.3d at 230 (citation omitted).
[39] *See* Doc. 1-27. The Court makes no finding concerning exhaustion of administrative remedies at this time, but it does observe that Nelson's inmate grievance (number 946717) is dated September 18, 2021, and only involves allegations regarding September 16 and 17, 2021. *See* Doc. 79 at 22. Thus, it is unclear whether Nelson grieved any of the incidents that allegedly occurred on September 15 or September 18 through September 21 involving defendants Polanco (September 15), Landmesser (September 18), Silinskie (September 19), and Lwekamaw (September 20 and 21). It is equally unclear whether Nelson ever grieved his claim against defendant Hauser. It appears, however, that—at least with respect to grievance number 946717—Nelson did not allege misconduct by Hauser because Hauser was assigned as the initial review grievance officer. *See id.* at 24; Doc. 1-1. If Hauser were named in the grievance or allegedly involved in the misconduct, DOC regulations would prohibit her from serving as the grievance officer. *See* COMMW. OF PA., PA. DEP'T OF CORR., *Policy Statement* DC-ADM 804 § 1(C)(3) (2015). Nevertheless, exhaustion of administrative remedies is an affirmative defense, not a pleading requirement. *See Jones v. Bock*, 549 U.S. 199, 216 (2007).

Thus, except as to Lwekamaw, Defendants' motions to dismiss the Eighth Amendment Section 1983 claims will be denied.

### B. Negligence

Nelson also asserts state-law negligence claims against all Defendants. However, because it is clear from the allegations of the complaint that Defendants' actions were performed within the scope of their employment (*i.e.*, making rounds to dispense medication or overseeing prison medical staff), the negligence claims must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Commonwealth parties acting within the scope of their employment generally are immune from suit except when immunity is explicitly waived.[40] Pennsylvania's General Assembly has carved out certain limited exceptions from its grant of sovereign immunity to Commonwealth actors.[41] Section 8522(b) of Title 42 of the Pennsylvania Consolidated Statutes provides ten narrow categories[42] where the state has waived its sovereign immunity for claims involving negligent conduct by Commonwealth parties.[43] This state statutory immunity applies to both negligent and intentional torts committed by Commonwealth actors.[44]

---

[40] *See* 1 PA. CONS. STAT. § 2310; 42 PA. CONS. STAT. §§ 8521, 8522(a).
[41] *See generally* 42 PA. CONS. STAT. §§ 8521, 8522.
[42] The ten exceptions set forth in 42 PA. CONST. STAT. § 8522(b) concern: (1) vehicle liability; (2) medical-professional liability; (3) care, custody or control of personal property; (4) Commonwealth real estate, highways and sidewalks; (5) potholes and other dangerous conditions; (6) care, custody or control of animals; (7) liquor store sales; (8) National Guard activities; (9) toxoids and vaccines; and (10) sexual abuse.
[43] *See id.* § 8522(a), (b).
[44] *See La Frankie v. Miklich*, 618 A.2d 1145, 1149 (Pa. Commw. Ct. 1992).

None of the ten exceptions in Section 8522(b) apply to the instant negligence claims. To the extent that Nelson is attempting to bring medical malpractice claims against Defendants under Section 8522(b)'s second exception to immunity, those claims are distinct from his simple negligence claims. Therefore, because state statutory immunity shields Defendants from state-law tort claims, Nelson's negligence claims against all Defendants must be dismissed pursuant to Section 1915(e)(2)(B)(ii).[45]

### C.   Medical Malpractice

Nelson appears to assert claims for medical malpractice against all Defendants.[46] As the final page of his complaint, Nelson included what he maintains to be a "certificate of merit" pursuant to Pennsylvania Rule of Civil Procedure 1042.3.[47] This document, however, plainly does not meet the requirements of Rule 1042.3(a). Nelson contends that a two-word response by a registered nurse to his request to staff member "should constitute a[n] expert witness statement."[48] It does not. An expert statement under Rule 1042.3(a)(1) must indicate that "there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the

---

[45]   State statutory immunity would likewise bar any other state torts that Nelson mentions in his complaint besides his claims of medical malpractice.
[46]   Defendants do not address Nelson's medical malpractice claims at all.
[47]   *See* Doc. 1 at 29.
[48]   *Id.*

subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm."[49] The response by the registered nurse that Nelson references in his purported certificate of merit contains no such statement or professional opinion.

The Court additionally observes that Nelson's allegations lack any type of damages that would be compensable under Pennsylvania medical malpractice law. Nelson claims that he suffered emotional distress from the week-long denial of his medication. But, to prevail on a claim of medical malpractice, a plaintiff must plead and prove a compensable physical injury caused by the alleged professional negligence.[50] Nelson has not done that here. Moreover, to the extent that Nelson's complaint could be construed as asserting some form of negligent infliction of emotional distress, such a claim likewise requires physical injury.[51] Accordingly, the Court will dismiss Nelson's medical malpractice claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because he fails to set forth a compensable injury.

### D. Requested Relief

Nelson asserts that he is seeking monetary damages in the amount of either 4 million or 5 million dollars, punitive damages, injunctive relief, and declaratory

---

[49] PA. R. CIV. P. 1042.3(a)(1).
[50] *See Gregorio v. Zeluck*, 678 A.2d 810, 813-14 (Pa. Super. Ct. 1996) (noting that plaintiff "suffered no disabling consequences, physical impairment, or physical symptoms" from alleged medical malpractice); *see also Lubowitz v. Albert Einstein Med. Ctr., N. Div.*, 623 A.2d 3, 5 (Pa. Super. Ct. 1993).
[51] *See Gregorio*, 678 A.2d at 814-15; *Toney v. Chester Cnty. Hosp.*, 961 A.2d 192, 199-200 (Pa. Super. Ct. 2008), *aff'd by an equally divided court*, 36 A.3d 83 (Pa. 2011) (per curiam).

relief. His claims, however, do not support most of this requested relief.

First, Nelson is barred from seeking compensatory monetary damages for his Section 1983 claims because he has not suffered a physical injury. Under the PLRA, a prisoner cannot recover compensatory damages under Section 1983 for "mental or emotional injury" without first establishing "a prior showing of physical injury or the commission of a sexual act."[52] Nelson has not suffered a physical injury from the alleged denial of Geoden, and thus his request for compensatory damages must be dismissed.

Although Nelson cannot pursue compensatory monetary damages, he could theoretically still seek punitive damages for his Section 1983 claims.[53] However, his allegations against the remaining Defendants (involving failure to provide a single dose of a prescription medication or failure to intercede when notified) simply do not implicate the type of "callous" or "malicious" conduct or "evil motive or intent" required for punitive damages to be available.[54]

Nelson also cursorily mentions "injunctive" relief in his complaint, but he does not state or explain what injunctive relief he seeks. The Court additionally observes that Nelson has already sought numerous types of preliminary injunctive

---

[52] 42 U.S.C. § 1997e(e); *Mitchell v. Horn*, 318 F.3d 523, 533 (3d Cir. 2003).
[53] *See Mitchell*, 318 F.3d at 533.
[54] *See Springer v. Henry*, 435 F.3d 268, 281 (3d Cir. 2006); *Allah v. Al-Hafeez*, 226 F.3d 247, 251 (3d Cir. 2000) (citing *Coleman v. Kaye*, 87 F.3d 1491, 1497 (3d Cir. 1996)).

relief via separate motions, and those motions have been denied.[55]  Moreover, as noted in the Court's denial of Nelson's preliminary injunction motions, Nelson's claims implicate failure to provide prescription medication during a finite, week-long window in September 2021, and thus any claim for injunctive relief regarding that specific treatment would likely be moot.

In sum, as to Nelson's remaining Section 1983 claims, he is limited to seeking declaratory relief and nominal damages.  He does not meet the requirements for the other types of relief requested in his complaint.

## IV.   CONCLUSION

Based on the foregoing, the Court will grant in part and deny in part Defendants' motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  Nelson's Eighth Amendment medical indifference claims may proceed against defendants Hauser, Polanco, Redick, Landmesser, and Silinksie, but Nelson is limited to pursuing declaratory relief and nominal damages.  The Court will also dismiss Nelson's state-law claims of negligence and medical malpractice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[55]   *See generally* Docs. 97, 98.